IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nicolas L. Cooper, | ) | C/A No. 0:21-213-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the | ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1] | ) | |
| | ) | ☒  Affirmed |
| Defendant. | ) | ☐  Reversed and Remanded |
| | ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐    Supplemental Security Income ("SSI"):  Plaintiff's age at filing:  __

☒    Disability Insurance Benefits ("DIB"):  Date last insured:  <u>December 31, 2022</u>

☐    Other:

Application date:  <u>August 24, 2017</u>

Plaintiff's Year of Birth:  <u>1978</u>

Plaintiff's amended alleged onset date:  <u>January 31, 2018</u>

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

PJG Consent SSA (Rev  09/10/21)                                                                                                    Nicolas L  Cooper

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  August 31, 2020

Following remand from the Appeals Council, the ALJ applied the requisite five-step sequential process and found as follows:

Step 1:         Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐  Yes  ☒  No

Step 2:         ☒  Plaintiff has the following severe impairments:

[A]sthma, bilateral carpal tunnel syndrome, hypertension, insulin-dependent diabetes mellitus with neuropathy, chronic kidney disease, stage III, and morbid obesity (20 CFR 404.1520(c)).

☐  Plaintiff does not have a severe impairment.

Step 3:         ☒  Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:         Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a).  Specifically, the claimant can lift and carry up to ten pounds occasionally and less than ten pounds frequently.  The claimant can stand and walk in aggregate up to two hours, and sit for at least six hours in an eight-hour workday, with no more than occasional stooping, crouching, crawling or climbing of stairs or ramps.  However, the claimant cannot balance, kneel or climb ladders, ropes or scaffolds.  The claimant cannot work where he is required to have exposure to unprotected heights, vibration or dangerous machinery; and cannot have concentrated exposure to dust, fumes, gases, odors, or extremes of humidity, or hot or cold temperatures.  The claimant can no more than frequently perform gross or fine motor tasks with the bilateral upper extremities.

☐  Plaintiff could return to his/her past relevant work.

Step 5:         ☐  Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒  Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

1.         Final Assembler, DOT code 713.687-018, which is classified as sedentary work with an SVP of two, of which there are 25,200 jobs nationally; and
2.         Document Preparer, DOT code 249.587-018, which is classified as sedentary work with an SVP of two, of which there are 91,600 jobs nationally; and
3.         Order Clerk, DOT code 209.567-014, which is classified as sedentary work with an SVP of two, of which there are 18,600 jobs nationally.

Date of Appeals Council decision:  <u>December 9, 2020</u>

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996); <u>see</u> <u>also</u> 42 U.S.C. § 405(g); <u>Coffman v. Bowen</u>, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  <u>See Brown v. Comm'r Soc. Sec. Admin.</u>, 873 F.3d 251, 267 (4th Cir. 2017); <u>Myers v. Califano</u>, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." <u>Craig</u>, 76 F.3d at 589; <u>see</u> <u>also</u> <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, 1154 (2019); <u>Pearson v. Colvin</u>, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." <u>Biestek</u>, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." <u>Craig</u>, 76 F.3d at 589; <u>see</u> <u>also</u> <u>Hancock v. Astrue</u>, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  <u>Blalock</u>, 483 F.2d at 775.

## Part V—Issue for Judicial Review

The Administrative Law Judge committed error as a matter of law by relying on evidence that was never given by the vocational expert at the hearing of August 15, 2020.

(Pl.'s Br. at 11-12, ECF No. 20 at 11-12.)

## Oral Argument:

☐ **Held on** _____ .

☒ **Not necessary for disposition.**

## Summary of Reasons

Plaintiff incorrectly argues that there is no testimonial evidence from the vocational expert in response to the actual residual functional capacity finding for Plaintiff.  In support of Plaintiff's position, he fails to consider the vocational expert's testimony beyond the first hypothetical question posed by the ALJ.  In the first question, the ALJ limited the hypothetical person to occasional balancing and kneeling (Tr. 77-78), while the ultimate residual functional capacity finding included no balancing or kneeling (Tr. 22).  In response to the first hypothetical, the vocational expert identified the three jobs listed above at Step 5.  (<u>Id.</u>)  However, the ALJ continued

PJG Consent SSA (Rev 09/10/21)                                                                 Nicolas L Cooper
_____

to question the vocational expert, and the additional questions included further limitations.  One

of these questions specifically asked, "If I were to add no balancing or kneeling[,] [w]hat impact

would that have on those three jobs?"  (Tr. 80.)  The vocational expert responded, "No impact,

Your Honor."  (Id.)

      To the extent that Plaintiff attempts to interject an additional challenge in the "Conclusion"

section of his brief, the court finds, as argued by the Commissioner, that this argument is waived.

Plaintiff's conclusory and undeveloped sentence is without any legal or factual support or

argument.  (See Def.'s Br. at 7-8, ECF No. 21 at 7-8) (citing Grayson O Co. v. Agadir Int'l LLC,

856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its

opening brief or by failing to develop its argument—even if its brief takes a passing shot at the

issue.") (alterations and internal quotation marks omitted); Harley v. Comm'r Soc. Sec. Admin.,

No. 8:19-CV-01547-MGL-JDA, 2020 WL 7231127, at *7 (D.S.C. June 3, 2020) ("Plaintiff has

failed to point the Court to any specific complaints about evidence the ALJ failed to consider in

performing his analysis; failed to cite to any record evidence or case law in support of these

arguments; and failed to specify how the ALJ's decision failed to comport with the governing

regulations and applicable case law. . . .  Therefore, the Court finds that these arguments have been

waived."), report and recommendation adopted sub nom. Harley v. Saul, No. CV 8:19-01547-

MGL, 2020 WL 7021706 (D.S.C. Nov. 30, 2020)).

      As Plaintiff has failed to present any error by the ALJ, the court affirms.

## ORDER

It is hereby ORDERED that the Commissioner's decision is:

☒    **Affirmed.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐    **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐    **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

March 4, 2022                                        Paige J. Gossett
Columbia, South Carolina                   UNITED STATES MAGISTRATE JUDGE